**MEI GIN HUANG, a/k/a Mei Qin Huang, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,\* Respondent.**

No. 08–3220–ag.

United States Court of Appeals, Second Circuit.

Aug. 3, 2009.

Attorney General Michael B. Mukasey as respondent in this case.

**36**

Michael Brown, New York, New York, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Leslie McKay, Assistant Director, Judith R. O'Sullivan, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: B.D. PARKER, RICHARD C. WESLEY, DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Mei Gin Huang, a native and citizen of the People's Republic of China, seeks review of a June 12, 2008 order of the BIA denying her motion to reopen. *In re Mei Gin Huang,* No. A77 863 230 (B.I.A. June 12, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006).

We conclude that the BIA did not abuse its discretion in denying Huang's second motion to reopen where she failed to establish changed circumstances that would excuse her motion from the applicable time and numerical limitations. While the regulations permit an individual to file only one motion to reopen, *see* 8 C.F.R. § 1003.2(c)(2), an exception to that limitation exists when the motion to reopen is filed in order to apply for asylum or withholding of removal based on changed circumstances in the movant's country of nationality, *see* 8 C.F.R. § 1003.2(c)(3)(ii).

■ Huang argues that she met this exception, and that the BIA abused its discretion in denying her motion to reopen where it found that her unauthenticated evidence was insufficient to establish changed country conditions in China. *See* 8 C.F.R. § 1003.2(c)(2) & (c)(3)(ii). This argument, however, is unavailing. As the Government properly argues, we will find no abuse of discretion where the BIA declines to credit an unauthenticated document submitted in support of a motion to reopen when the movant had not been

found to be credible in his underlying merits hearing. *See Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 147 (2d Cir.2007). The only evidence that Huang submitted to corroborate the unauthenticated notice were the letter from her mother and her own affidavit, neither of which bore independent *indicia* of reliability. *Cf. Siewe v. Gonzales,* 480 F.3d 160, 170 (2d Cir.2007) (concluding that an IJ who found that an applicant's document was false "was free to deem suspect other documents (and to disbelieve other testimony) that depend for probative weight upon [the applicant's] veracity"). In light of the IJ's previous finding that Huang was not credible, we cannot find that the BIA abused its discretion in declining to credit Huang's documents. *See Qin Wen Zheng,* 500 F.3d at 147.

Huang also argues that the BIA overstepped its authority in requiring authentication of her evidence because the regulations prohibit the BIA from engaging in factfinding. In support of that argument, Huang relies on 8 C.F.R. § 1003.1(d)(3)(iv). Huang's argument is unavailing, as this provision applies only to the BIA's review of an IJ's findings of fact "in the course of deciding appeals." It does not apply to the BIA's review of motions to reopen. *See id.*

■ Contrary to Huang's arguments, our decision in *Jian Hui Shao v. Mukasey,* 546 F.3d 138, 170–71 (2d Cir.2008), does not change the result in this case. Even assuming that Huang had demonstrated a change in the enforcement of the birth control policy, i.e., that returning Chinese nationals would be subject to the same enforcement as Chinese nationals who violated the policy in China, she identifies nothing in the record, aside from the unauthenticated documents that the BIA properly rejected, to establish that the local government in Fujian Province enforces that policy, or that any enforcement rises to the level of persecution. *See id.* at 169–70. Accordingly, Huang has not demonstrated her *prima facie* eligibility for relief based on the birth of her children in the United States. *See INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.